UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD PULLEY,

    Plaintiff,

v.                                 Case No: 2:14-cv-357-FtM-29CM

TGR FINANCIAL, INC., a Florida corporation and FIRST NATIONAL BANK OF THE GULF COAST, a national bank,

    Defendants.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on June 27, 2014.[1] Plaintiff alleges that the Court has subject-matter jurisdiction because defendant First National Bank of the Gulf Coast is a national federal bank and "because the Shareholder Agreement provides such." (Id., ¶ 2.) Plaintiff seeks declaratory relief as a shareholder of the holding company (TGR Financial, Inc.) that is the sole shareholder of the national bank (First National Bank of the Gulf Coast).

As a preliminary matter, the Court does not have subject-matter jurisdiction "merely because the defendant bank [i]s a federally chartered bank." Morast v. Lance, 807 F.2d 926, 929

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

(11th Cir. 1987).  The Court also does not have subject-matter jurisdiction over the case merely because the parties may have stipulated to jurisdiction in federal court.  Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983)(citations omitted). Also, to the extent plaintiff relies upon 28 U.S.C. § 2201 as a basis for jurisdiction, the Declaratory Judgment Act is "procedural only" and does not provide a basis for subject-matter jurisdiction.  Medtronic. Inc. v. Mirowski Family Ventures LLC, 134 S. Ct. 843, 848 (2014); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

The Complaint presents no clear federal question, see 28 U.S.C. § 1331, or a diversity of citizenship and qualifying amount in controversy, see 28 U.S.C. §1332(a), but plaintiff may be able to assert diversity as a basis for subject-matter jurisdiction. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff's citizenship or place of domicile is not alleged. Plaintiff alleges that defendant First National Bank of the Gulf Coast is a national bank with its principal place of business in Naples, Florida.  (Doc. #1, ¶ 5.)   "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are

respectively located."  28 U.S.C. § 1348.  For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Plaintiff further alleges that defendant TGR Financial, Inc. is a Florida corporation.  (Doc. #1, ¶ 6.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record